SMITH *v.* J. M. TAYLOR & COMPANY.

Opinion delivered June 21, 1920.

1. PAYMENT—BURDEN OF PROOF.—A defendant who asserts that he paid a duebill to plaintiff has the burden of proving such payment.

2. APPEAL AND ERROR—MATTERS NOT BROUGHT INTO RECORD—PRESUMPTION.—In a suit for an accounting, where the decree recited that, upon presentation of defendant's books in open court, it was adjudged that a certain sum was due, and the books were not brought into the record by bill of exceptions or otherwise, it will be presumed on appeal that they sustained the decree.

3. FRAUDS, STATUTE OF—ORIGINAL OBLIGATION.—An undertaking by mortgagee to become liable for all supplies furnished to the mortgagor or his hands is an original obligation and not within the statute of frauds.

Appeal from Cross Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*A. R. Bond,* for appellant; *Killough, Lines & Killough,* of counsel.

The relation between appellee and appellant was one of trust, and appellee should be held to strict accountabiltiy. There is much lacking in the testimony of appellee, and his statements are not corroborated by the record evidence. Each allegation and contention of appellant is corroborated by facts and circumstances, and the finding of the chancellor is against the preponderance of the evidence. In stating the account the court erred in disallowing him (appellant) $400 "and interest on alleged loan in allowing appellee a large sum in excess of $127 for merchandise in 1917 and in allowing appellee $317.90 and interest for merchandise furnished R. H. Murray and $51.95 and interest for merchandise furnished A. C. Chapman. Judgment should be entered here for $335 and costs.

*J. C. Brookfield,* for appellee.

None of the contentions of appellant are sustained by the evidence. The accounts of the tenants charged to appellants are not within the statute of frauds. The debts of the tenants were original allegations and

charged properly to appellant and not within the statute of frauds. 20 Cyc. 160. Appellee paid the rent decree as the receipt shows. The evidence shows, as do the books in open court, that the decree is correct.

HUMPHREYS, J. Appellant, a negro farmer, instituted suit against appellee, a supply merchant, for an accounting growing out of transactions between them for the years 1916, 1917 and 1918, and for judgment in the sum of $1,400.

Appellee filed answer, denying any indebtedness on account of transactions between them, and, by way of cross-complaint, alleging that appellant was indebted to his supply store in the sum of $590.60, with interest thereon from October 25, 1918, after giving appellant credit for all amounts paid in cash or cotton; that, to secure advances made to appellant and his hands in 1917 and 1918, appellant executed two notes, secured by mortgages upon certain chattels and crops being raised by appellant, the first note and mortgage being executed on June 30, 1917, and due November 15, 1917, and the second note and mortgage upon May 25, 1918, due and payable in six months thereafter, both notes bearing interest at the rate of 10 per cent. per annum from their respective dates. The cross-bill contained a prayer for foreclosure in the total sum of $590.60, the alleged balance due on open account for advances made by appellee to appellant and his hands.

Appellant pleaded the statute of frauds as a defense to appellee's claim for merchandise furnished his hands.

The cause was submitted upon the pleadings, evidence and exhibits thereto, from which the court found that appellant was indebted to appellee in the sum of $590.60, and upon which finding a judgment and decree of foreclosure against the property were rendered. From the judgment and decree an appeal has been duly prosecuted to this court.

Appellant contends that in stating the account the trial court erred, first, in disallowing him $400 and in-

terest, an alleged loan; second, in allowing appellee a large sum in excess of $127 for merchandise in 1917; third, in allowing appellee $317.90 and interest on account of merchandise furnished R. H. Murray, and $51.95 and interest for merchandise furnished A. C. Chapman.

(1) Appellant testified that he loaned appellee $400 on December 19, 1916, for a short time and took the following duebill as evidence of the indebtedness:

"Parkin, Ark.

"In account with J. M. Taylor Co.

"I have borrowed $400 from Walter Smith for two weeks.
                    J. M. Taylor. 12/19. 16;"

that he gave appellee a check on the Parkin Home Bank for the amount; that he deposited the duebill with the bank in order for appellee to pay it if he desired to do so, as well as for safe-keeping, where it remained, without being presented for payment, until February or March, 1919, at which time it was returned to him on request; that appellee never repaid, and still owes, the amount to him. On the 20th day of December, 1916, appellant's account with the bank was charged with $400.

Appellee testified that he bought some cotton from appellant and owed him $400; that, on account of the bank being closed, appellant did not want a check and asked for a duebill, which he gave him; that he paid the duebill and took a receipt, as appellant did not have it with him at the time he paid it; that he wrote the receipt and appellant signed it. The receipt is as follows:

"Received of J. M. Taylor for duebill dated 12/19/16 paid in full. 12/28/16. Walter Smith."

Appellant testified that he signed the receipt when he signed the first note and mortgage, without knowing its contents or that he was signing a receipt.

The point of difference as to whether the duebill evidenced money loaned or cotton sold is really immaterial further than to show who had the better memory. Both testified that it represented a *bona fide* indebtedness. The all-important question is whether it was paid.

The burden, of course, was upon appellee to establish the payment. The receipt strongly corroborates the testimony of appellee on this point, unless obtained through deceit or fraud. There is nothing in the evidence to indicate fraud or deceit. Appellant could read and was negligent unless he did so. The other papers signed by him did not bear the same date of the receipt. Neither he nor the bank, with whom the duebill was left, ever presented it for payment. We think appellee met the burden. The testimony preponderates in favor of payment.

(2) Appellant testified positively that he only purchased merchandise to the amount of $127 from appellee in 1917; that the items in excess of that amount were items purchased in 1916, for which he had settled.

Appellee testified to the correctness of the items from a statement made up from the books, and agreed to produce the books in open court for the inspection of the court and parties, including the book in which the running account for 1916 was entered, so that it might appear whether the items charged in 1916 and paid for were carried into the 1917 account. Appellee admitted that appellant had paid the running account of 1916 in full.

The contention of appellant on this point is that, had the book of 1916 been produced, it would have disclosed that items purchased in 1916, and paid for, had been carried forward and entered as purchases in 1917. This contention is met and fully answered by the recital in the decree that "upon presentation of defendant's books in open court, it is found and adjudged that the amount due, secured by said mortgages and notes, is the sum of $590.60." The books not having been brought into the record by bill of exceptions or otherwise, and this evidence not being before us, we must presume that it sustained the finding and decree of the court.

(3) The evidence disclosed that R. H. Murray and A. C. Chapman were appellant's hands; that, during the

year 1917, R. H. Murray obtained merchandise of the value of $317.90, and A. C. Chapman of the value of $51.95, from appellee, which accounts were carried on the books as accounts against R. H. Murray and A. C. Chapman; that the mortgages, which were given to secure advancements, contained the stipulation that appellee was to furnish supplies to appellant and his hands. These clauses in the, mortgages constituted the undertakings original obligations, and therefore not within the statute of frauds.

No error appearing, the decree is affirmed.